FILED
 2015 Sep-23  AM 11:15
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| THOMAS HAGGERMAKER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CAROLYN COLVIN, ACTING )<br>COMMISSIONER OF SOCIAL )<br>SECURITY )<br>ADMINISTRATION, )<br>)<br>Defendant. ) | Civil Action Number<br>**5:14-cv-01855-AKK** |

## MEMORANDUM OPINION

Plaintiff Thomas Haggermaker brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA").  This court finds that the Administrative Law Judge's ("ALJ") decision—which has become the decision of the Commissioner—is supported by substantial evidence and, therefore, **AFFIRMS** the decision denying benefits.

### I. Procedural History

Haggermaker filed his applications for Title II disability insurance benefits and Title XVI Supplemental Security Income on July 28, 2011, alleging a

disability onset date of May 15, 2011 due to lumbar spine with chip in vertebrae, numbness in legs, left knee condition, and high blood pressure. (R. 113–28; 151). After the SSA denied his applications on October 13, 2011, Haggermaker requested a hearing. (R. 42–55; 60–64). At the time of the hearing on April 15, 2013, Haggermaker was forty-three years old, had an eighth-grade education, and no past relevant work. (R. 29–30). Haggermaker has not engaged in substantial gainful activity since May 15, 2011. (R. 30).

The ALJ denied Haggermaker's claim on April 23, 2013, which became the final decision of the Commissioner when the Appeals Council refused to grant review on August 29, 2014. (R. 1–4; 9–23). Haggermaker then filed this action pursuant to section 1631 of the Act, 42 U.S.C. § 1383(c)(3). Doc. 1.

## II. Standard of Review

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. §§ 405(g) and 1383(c) mandate that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529

(11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence." *See id*. (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

### III. Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairments which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve

months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(I). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis. 20 C.F.R. § 404.1520(a)-(f). Specifically, the Commissioner must determine in sequence:

(1) whether the claimant is currently unemployed;

(2) whether the claimant has a severe impairment;

(3) whether the impairment meets or equals one listed by the Secretary;

(4) whether the claimant is unable to perform his or her past work; and

(5) whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id*. at 1030 (citing 20 C.F.R. § 416.920(a)-(f)). "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can

do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

Lastly, where, as here, a plaintiff alleges disability because of pain, she must meet additional criteria. In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms." *Holt v. Barnhart*, 921 F.2d 1221, 1223 (11th Cir. 1991). Specifically,

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.[1]

*Id*. However, medical evidence of pain itself, or of its intensity, is not required:

> While both the regulations and the *Hand* standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, <u>neither requires objective proof of the pain itself</u>. Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the *Hand* standard <u>a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not required to produce additional, objective proof of the pain itself</u>. *See* 20 CFR §§ 404.1529 and 416.929; *Hale* [*v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)].

*Elam v. R.R. Ret. Bd.*, 921 F.2d 1210, 1215 (11th Cir. 1991) (parenthetical

---

[1] This standard is referred to as the *Hand* standard, named after *Hand v. Heckler*, 761 F.2d 1545, 1548 (11th Cir. 1985).

information omitted) (emphasis added). Moreover, "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Holt*, 921 F.2d at 1223. Therefore, if a claimant testifies to disabling pain and satisfies the three part pain standard, the ALJ must find a disability unless the ALJ properly discredits the claimant's testimony.

Furthermore, when the ALJ fails to credit a claimant's pain testimony, the ALJ must articulate reasons for that decision:

> It is established in this circuit that if the [ALJ] fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the [ALJ], as a matter of law, has accepted that testimony as true. Implicit in this rule is the requirement that such articulation of reasons by the [ALJ] be supported by substantial evidence.

*Hale*, 831 F.2d at 1012. Therefore, if the ALJ either fails to articulate reasons for refusing to credit the plaintiff's pain testimony, or if the ALJ's reasons are not supported by substantial evidence, the court must accept as true the pain testimony of the plaintiff and render a finding of disability. *Id*.

## IV. The ALJ's Decision

As a preliminary matter, the ALJ determined that Haggermaker meets the insured status requirements of the Act through December 31, 2016. (R. 14). Turning to the Five Step sequential analysis, the ALJ initially determined that Haggermaker had not engaged in substantial gainful activity since his alleged

onset date and therefore met Step One. *Id*. Next, the ALJ acknowledged that Haggermaker's severe impairments of degenerative joint disease and chondromalacia of the left knee met Step Two. *Id*. The ALJ concluded, however, that Haggermaker's psoriasis and hypertension were not severe impairments. *Id*. The ALJ then proceeded to the next step and found that Haggermaker did not satisfy Step Three since he "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments." *Id*. Although the ALJ answered Step Three in the negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030, the ALJ proceeded to Step Four, where she determined that Haggermaker

> has the residual functional capacity [("RFC)"] to perform sedentary work as defined in 20 C.F.R. 404.1567(a) and 416.967(a) except he can lift up to ten pounds occasionally and frequently. [Haggermaker] can stand and walk for up to two hours and sit for up to six hours in an eight-hour day with normal breaks. He can occasionally climb ramps or stairs, but never climb ladders, ropes or scaffolds. [Haggermaker] can occasionally balance, stoop, kneel, crouch, or crawl. He must avoid concentrated exposure to extreme heat or cold and all exposure to the operational control of moving and hazardous machinery and unprotected heights.

(R. 15). Lastly, in Step Five, the ALJ considered Haggermaker's age, education, work experience, and RFC, and determined, based on the Medical Vocational Guidelines found in 20 C.F.R. Part 404, Subpart P, Appendix 2, section 201.24

and on the testimony of a vocational expert ("VE"), that "there are jobs that exist in significant numbers in the national economy that [Haggermaker] can perform." (R. 18). Because the ALJ answered Step Five in the negative, she determined that Haggermaker was not disabled.

## V. Analysis

As a preliminary matter, the court notes that while Haggermaker initiated this lawsuit, he failed to file any materials supporting his appeal. The only statement from Haggermaker before the court is his complaint, which seems to contend that he cannot work because of his pain, that he is receiving treatment from a pain clinic, and that he began receiving treatment from the pain clinic after the ALJ denied his claim and he would like the court to take this treatment under consideration when evaluating his appeal. Doc. 1 at 2.

Unfortunately for Haggermaker, the ALJ properly discredited his testimony regarding his pain. While an ALJ may discredit a claimant's pain testimony, the ALJ must articulate her reasons for doing so, which must be supported by substantial evidence. *Hale*, 831 F.2d at 1012. Here, the ALJ explained that she found Haggermaker's testimony regarding his physical pain less than credible because he rarely sought treatment for pain, his limited treatment was routine and conservative in nature, and that he reported that physical therapy effective

controlled his symptoms. (R. 17); *see generally* (R. 195–265; 278–341); *see also* (R. 252, 253, 254 (medical records indicating Haggermaker reported an improvement in knee pain after beginning physical therapy)). Consequently, substantial evidence supports the ALJ's decision to discredit Haggermaker's pain testimony.

As to Haggermaker's request that the court consider new evidence[2] regarding his pain treatment when evaluating his appeal, federal courts are limited to reviewing "the decision of the ALJ as to whether the claimant was entitled to benefits during a specific period of time, which period was necessarily prior to the date of the ALJ's decision." *Wilson v. Apfel*, 179 F.3d 1276, 1279 (11th Cir. 1999). "Evidence of deterioration of a previously-considered condition may subsequently entitle a claimant to benefit from a new application, but it is not probative of whether a person is disabled during the specific period under review." *Enix v. Comm'r of Soc. Sec.*, 461 F. App'x 861, 863 (11th Cir. 2012) (citing *Wilson*, 179 F.3d at 1279). In other words, the proper use for such evidence is in support of a new claim.

More generally, substantial evidence supports the ALJ's conclusion that

---

[2] The only evidence to this effect is Hagermaker's statement in his complaint; he has not submitted additional medical records.

Haggermaker is not disabled. As to Haggermaker's knee impairment, Haggermaker received conservative treatment for knee pain over the course of five weeks during 2009. On August 24, 2009, an MRI revealed mild patellar chondromalacia and lateral tilting of the patella. (R. 228). An examination on August 31, 2009 revealed a slight knee limitation, and Haggermaker began physical therapy. (R. 256). Almost immediately, on September 3, 2009, he began reporting a decrease in his knee symptoms, (R. 254), and on September 10, 2009, he reported decreased pain in his knee, (R. 252). He subsequently missed or cancelled eight appointments.[3] (R. 244, 245, 246, 247, 248, 249, 250, 251). During his last reported physical therapy session on September 30, 2009, he stated his worst pain rated a 0/10, and his only complaint was occasional popping in his left knee. (R. 243). Critically, the record contains no subsequent treatment records for Haggermaker's knee impairments, including none during the alleged disability period.

Similarly, the objective medical records also indicate that Haggermaker's back impairment was mild and received conservative treatment. On September 19, 2012, Haggermaker sought treatment for back pain at Athens Limestone Hospital.

---

[3] Some of the associated medical records indicate that Haggermaker may have suffered a death in his family during this period. *See* (R. 245, 249).

(R. 278). He was prescribed pain medication. (R. 286). Haggermaker sought emergency treatment again for back pain on February 16, 2013, when an X-ray of his lumbar spine revealed a mild curvature but was otherwise normal. (R. 318). He received a steroid injection. (R. 326). At a follow-up appointment with his primary care physician, an MRI of his lumbar spine revealed two protruding discs creating mild spinal stenosis. (R. 348). He was prescribed muscle relaxants, painkillers, and anti-inflammatories, (R. 324), but the record contains no indication that his medical providers considered more drastic treatment such as surgery.

Moreover, the ALJ's finding that Haggermaker can perform sedentary work with additional limitations, (R.15), which forms the basis of her ultimate conclusion that Haggermaker is not disabled, is consistent with the results of the physical examination performed by consulting physician Dr. Martin Gill. Although Dr. Gill noted that Haggermaker "complain[ed] of some discomfort with lumbar movement," exhibited "some mild crepitus on the left" knee, and could only squat down halfway from a standing position before complaining of knee pain, overall he observed that Haggermaker suffered from virtually no physical limitations. (R. 267). In particular, his gait was normal, he walked unassisted and without using any devices, and he could walk on his tiptoes and heels. *Id*. He displayed normal strength and range of motion in his hands and arms. *Id*. His back

appeared normal and exhibited no tenderness. *Id*. He could bend forward sixty degrees and return to standing, and could rotate fifteen degrees bilaterally. *Id*. His legs appeared normal and exhibited good muscle tone and normal strength. *Id*. His hips moved normally with a full range of motion. *Id*. His knees appeared normal, exhibited no swelling, bony deformity, or tenderness, and he could "easily flex them to 140 degrees and extend to 0 bilaterally." *Id*.

Finally, the ALJ properly discredited the medical opinion of Dr. Wayne Jones, one of Haggermaker's treating physicians.[4] "Absent 'good cause,' an ALJ is to give the medical opinions of treating physicians 'substantial or considerable weight.'" *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)). "Good cause exists 'when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records.'" *Id.* (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004)). "With good cause, an ALJ may disregard a treating physician's opinion, but he 'must

---

[4] The ALJ also properly discredited the medical opinion of non-examining state agency physician Dr. Robert Heilpern, who opined that Haggermaker could perform light to medium work as "overly optimistic" "[w]hen viewed in light of the entire record, including the March 2013 MRI of [Haggermaker's] lumbar spine." (R. 17). "Generally, the more consistent an opinion is with the record as a whole, the more weight [the SSA] will give to that opinion." 20 C.F.R. § 404.1527(c)(4).

clearly articulate [the] reasons' for doing so." *Id*. (quoting *Phillips*, 357 F.3d at 1240–41). Dr. Jones opined that Haggermaker was limited to standing for a total of forty-five minutes, sitting for a total of forty-five minutes, and walking for a total of ten minutes during an eight-hour work day, and that he was incapable of performing any other activity during the remaining six hours and twenty minutes. (R. 344). The ALJ discredited Dr. Jones' opinion as "overly pessimistic when viewed in light of the entire record, including his own limited treatment notes." (R. 17). The court has reviewed both Dr. Jones' treatment notes and the record as a whole, and agrees with the ALJ that they do not support the profound degree of limitations opined by Dr. Jones. Consequently, the ALJ properly discredited Dr. Jones' opinion.

## VI. Conclusion

Based on the foregoing, the court concludes that the ALJ's determination that Haggermaker is not disabled is supported by substantial evidence, and that the ALJ applied proper legal standards in reaching this determination. Therefore, the Commissioner's final decision is affirmed. A separate order in accordance with the memorandum of decision will be entered.

Done the 23rd day of September, 2015.

_____
          **ABDUL K. KALLON**
    UNITED STATES DISTRICT JUDGE